## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **SAVON THOMAS and COLLEEN E. MCLAUGHLIN,** on behalf of themselves and all others similarly situated, | ) CASE NO. ) ) JUDGE ) ) **CLASS ACTION COMPLAINT** |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **AMAZON.COM SERVICES, INC., and AMAZON.COM, INC.** | ) ) ) |
| Defendants. | ) ) |

Plaintiffs, Savon Thomas, and Colleen E. McLaughlin, for their Complaint against Defendants, Amazon.com, Inc. and Amazon.com Services, Inc. (collectively "Defendants") state and allege the following:

### INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03 (the "Ohio Overtime Law").

2. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendants.

4. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. There is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b), because Defendants conduct significant business in this district and division. That conduct gives rise to this action.

## PARTIES

6. At all relevant times, Plaintiffs were citizens of the United States residing in the State of Ohio.

7. At all relevant times, Plaintiff Savon Thomas worked for Defendants in Cuyahoga County, Ohio as a non-exempt hourly employee within this district and division.

8. At all relevant times, Plaintiff Colleen McLaughlin worked for Defendants in Summit County, Ohio as a non-exempt hourly employee within this district and division.

9. Defendants are foreign corporations that conduct business in this district and division.

10. Defendant Amazon.com, Inc. is a foreign corporation with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109.

11. Defendant Amazon.com Services, Inc. is a foreign corporation with a principal office located at 202 Westlake Ave., N, Seattle, Washington, 98109.

12. Defendants are employers covered by the Ohio Overtime Law.

## FACTUAL ALLEGATIONS

13. Defendants jointly operate logistics facilities throughout the State of Ohio (the "Ohio Amazon Fulfillment Centers").

14. Defendants jointly employ individuals at the Ohio Amazon Fulfillment Centers throughout the State of Ohio, who are paid on an hourly basis and perform tasks related to merchandise stored and eventually shipped to customers from the Ohio Amazon Fulfillment

Centers. These individuals, including Plaintiffs, are referred to herein as "Ohio Warehouse Workers."

15. The hourly-paid Ohio Warehouse Workers at the Ohio Amazon Fulfillment Centers are jointly employed by Defendants, are under the common control of the Defendants, and perform work that simultaneously benefits Defendants.

16. Although the exact number is not known, Defendants employ over 100 Ohio Warehouse Workers throughout the State of Ohio who are not exempt from the Ohio Overtime Law.

17. Throughout their employment, Plaintiffs and the Ohio Warehouse Workers regularly worked over 40 hours per workweek. Specifically, in every week in which Plaintiffs were paid for at least 40 hours of work in a workweek, they also worked overtime hours for which they were not paid. Defendants maintain, or were required to maintain, records of every workweek in which Plaintiffs were paid for at least 40 hours of work in a workweek.

18. Defendants require the hourly Ohio Warehouse Workers to "clock in" by the beginning of their scheduled shift and to "clock out" at the end of their scheduled shifts.

19. After clocking out, Defendants require Ohio Warehouse Workers to proceed through a mandatory screening process prior to exiting the Ohio Amazon Fulfillment Centers.

20. Similarly, Defendants require Ohio Warehouse Workers to proceed through a mandatory screening process prior to taking their lunch breaks, which resulted in them being significantly delayed and unable to take a full 30-minute uninterrupted lunch period.

21. As part of this mandatory post-shift and pre-lunch screening process, Ohio Warehouse Workers must wait in lines leading up to the security screening areas.

22. Once each Ohio Warehouse Worker reaches the security screening area, they must proceed through a metal detector.

23. If the metal detector's alarm sounds a security guard individually searches the Ohio Warehouse Worker using a metal detecting wand.

24. During the mandatory screening process, security guards inspect any bags or personal items the employee is carrying.

25. Defendants do not allow Ohio Warehouse Workers to leave the Ohio Amazon Fulfillment Centers until they have successfully proceeded through the screening process and have had any bags/personal items searched.

26. Defendants do not allow Ohio Warehouse Workers to go to lunch until they have successfully proceeded through the screening process and have any bags/personal items searched.

27. Defendants' mandatory post-shift and pre-lunch screening process routinely takes up to between 10 and 20 minutes for Ohio Warehouse Workers to complete, and with delays it can last longer.

28. Defendants have never paid Ohio Warehouse Workers for time spent proceeding through this required post-shift and pre-lunch screening process.

29. Defendants did not provide Ohio Warehouse Workers an uninterrupted 30-minute lunch break. Rather, such lunch breaks were significantly reduced due to the required pre-lunch security screening. Regardless, Defendants always deducted a full 30 minutes for such lunch breaks.

30. Because Defendants have not paid Ohio Warehouse Workers any amount for going through mandatory screening, Ohio Warehouse Workers were not paid for all hours

worked, and such time was not counted for purposes of determining any Ohio Warehouse Workers' entitlement to overtime. This resulted in the underpayment of overtime compensation for every week in which the Ohio Warehouse Workers otherwise worked 40 hours in a workweek in violation of the Ohio Overtime Laws.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the Ohio Overtime Law, defined as:

> All present and former Ohio hourly warehouse workers employed by Amazon.com, Inc. and/or Amazon.com Services, Inc. during the period measured from two years preceding the commencement of this action and continuing through the resolution of this action who: (1) were required to go through security screens; and, (2) were not paid an overtime premium for all hours worked in excess of 40 in any workweek, including time spent on security screens (the "Ohio Class").

33. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but aver, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendants have maintained, or were required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a; and ORC § 4111.14 *et seq*.

34. There are questions of law or fact common to the Ohio Class, including but not limited to:

>Whether Defendants failed to pay Plaintiffs and other class members for all hours worked in excess of 40 in a workweek; and,
>
>Whether Defendants' failure to pay Plaintiffs and other class members for security screening time and the failure to count such time as hours worked is lawful.

35. Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

36. Plaintiffs' will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs' counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

37. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Violation of the Ohio Overtime Law)**

39. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of themselves and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

41. At all times relevant, Defendants were individual and joint employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

42. Nothing in Ohio Rev. Code Ann. § 4111.03, or any other part of the Ohio Minimum Fair Wage Standards Act, mentions or refers to Chapter 9 of Title 29 of the United States Code, which is known as the Portal-to-Portal Act.

43. The Portal-to-Portal Act is not part of the Fair Labor Standards Act of 1938. The FLSA is contained in an entirely separate chapter of the U.S. Code—Chapter 8.

44. The Ohio Overtime Law only references certain (but not all) sections of the FLSA, which is not the Portal-to-Portal Act.

45. For example, the Ohio Overtime Law incorporates the FLSA's definition of work at Ohio Rev. Code Ann. § 4111.03(A) and (D)(1).

46. The Ohio Overtime Law has never incorporated or adopted Chapter 9 of the U.S. Code—the Portal-to-Portal Act—in whole or in part.

47. The Sixth Circuit in *Busk v. Integrity Staffing Sols., Inc. (In re Amazon.com, Inc.)* held that security screen time is "work," as that term is defined in the FLSA. 905 F.3d 387, 401-402 (6th Cir. 2019). Thus, but for the exclusion of certain post-shift work by operation of the Portal-to-Portal Act, security screen time would be compensable under federal law.

7

48. Accordingly, state overtime statutes that have not incorporated the Portal-to-Portal Act and include the federal definition of work (or a more generous standard)—such as the Ohio Overtime Law—require payment for security screening time at an overtime rate for all hours in excess of 40 in a workweek. Thus, the Sixth Circuit in *Busk* found that security screening time is compensable under Arizona and Nevada law, which, like the Ohio Overtime Law, do not incorporate the Portal-to-Portal Act.

49. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its hourly workers including Plaintiffs and the Ohio Class.

50. Specifically, among other things, Defendants failed to pay Plaintiffs and the Ohio Class for all security screening time and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to the Plaintiffs and the Ohio Class.

51. Defendants, in violation of the Ohio Overtime Law, deducted a full 30 minutes for a lunch break, when Plaintiff and the Ohio Class were provided substantially less than 30 minutes due to the pre-lunch security screens. This practice resulted in the underpayment of overtime premiums due to the Plaintiffs and the Ohio Class.

52. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiffs and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

53. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated §4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class;

B. Enter judgment against Defendant and in favor of Plaintiffs and the Ohio Class;

C. Award compensatory damages to Plaintiffs and the Ohio Class in the amount of their unpaid overtime wages;

D. Award Plaintiffs and the Ohio Class pre and post judgment interest; and,

E. Award Plaintiffs their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
330-470-4428
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*