# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SAVON THOMAS & COLLEEN E. MCLAUGHLIN, | ) ) ) |
| Plaintiffs, | ) ) Case No. 1:19-cv-01696-PAB |
| v. | ) ) ) |
| AMAZON.COM SERVICES, INC. & AMAZON.COM, INC., | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

**I.      INTRODUCTION**

Plaintiffs concede that Ohio Revised Code ("ORC") 4111.03(A) "unequivocally" incorporates Sections 7 and 13 of the FLSA, "as amended." Dkt. 19 at 6. Likewise, Plaintiffs do not dispute that the United States Supreme Court has ruled that, under the FLSA, post-shift time spent passing through security is ***not*** compensable time. *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014). Facing these undeniable facts, Plaintiffs attempt to avoid dismissal by arguing that Ohio's incorporation of the FLSA "does not … include the Portal-to-Portal Act," because it does not "mention" the Portal-to-Portal Act by name or statutory citation. Dkt. 19 at 6-7. Plaintiffs' argument fails.

As Amazon explained in its opening brief, Congress enacted the Portal-to-Portal Act in 1947, in part, as a ***clarifying amendment*** to the FLSA to "meet the existing emergency and to correct existing evils," by abrogating the Supreme Court's overly broad judicial misinterpretation of compensable work, the **central provision of Section 7 of the FLSA**. *See* Dkt. 17 at 14-16; *see also* 29 U.S.C. §251(a)-(b) (detailing congressional intent behind the Portal-to-Portal Act). Indeed, the Portal-to-Portal Act specifically and expressly clarifies the proper "application of the [FLSA's] overtime compensation provision[.]" 29 U.S.C. § 254(d). Accordingly, when Ohio expressly adopted Section 7 of the FLSA "as amended" in 1974, it incorporated the Portal-to-Portal amendments which clarified that section, without any need for redundant "mention" of the Portal-to-Portal Act. Plaintiffs' Opposition ignores this legislative history and purpose entirely.

Likewise, Amazon cited an unbroken line of authority holding that "the Ohio [overtime] statute expressly incorporates the standards and principles found in the FLSA." *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (emphasis added). As Amazon pointed out, courts routinely analyze Ohio overtime claims and FLSA claims concurrently, and

have applied the Portal-to-Portal Act to Ohio claims on numerous occasions. *See* Dkt. 17 at 16-18. Plaintiffs mischaracterize these cases as "irrelevant," or "devoid of analysis," but cannot distinguish any of them. Nor do Plaintiffs cite a single case that has resolved overtime claims differently under Ohio law or federal law.

Instead, Plaintiffs throw all of their eggs into the basket of *In re: Amazon.Com, Inc. Fulfillment Ctr. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, 905 F.3d 387 (6th Cir. 2018) ("*Busk* II"), in which the Sixth Circuit found that Arizona and Nevada had not adopted the Portal-to-Portal Act. But *Busk* II could not be more distinguishable from this case. In their Opposition Brief, Plaintiffs misstate the Sixth Circuit's analysis and ignore the critical distinctions between the statutes at issue. Most importantly, neither the Arizona nor the Nevada legislatures provided an open window into their intent by expressly incorporating the FLSA "as amended," as the Ohio legislature did. Moreover, unlike the statutes in Nevada and Arizona, Ohio's statute does not include any provisions materially "inconsistent" with the Portal-to-Portal Act. *Id.* at 404, 406. On the contrary, Ohio's overtime law contains "identical" liability standards as the FLSA. *Kollstedt v. Princeton City Sch. Bd. of Educ.*, 2010 WL 597825, at *9 (S.D. Ohio Feb. 17, 2010).

Plaintiffs' emphasis on purported "distinctions" between Ohio law and the FLSA is equally unavailing. Plaintiffs focus extensively on different remedies and enforcement provisions present in Ohio and federal law. These differences, however, are immaterial to whether Ohio has adopted the Portal-to-Portal Act, insofar as it undeniably amended Section 7 of the FLSA. *See, e.g., Heard v. Nielson*, 2017 WL 2426683, at *4 (S.D. Ohio June 2, 2017) (explaining the FLSA and Ohio law "use **the same standards to determine liability**, [but] the laws provide different measures of damages.") (emphasis added).

Essentially, Plaintiffs ask this Court to find that, even though the Ohio legislature *expressly adopted* Section 7 of the FLSA "as amended," it nevertheless silently departed from the FLSA as to the most important aspect of the statute – the definition of what is compensable working time. Plaintiffs do not point to anything supporting this illogical result. Accordingly, the Court should dismiss Plaintiffs' claim with prejudice.

## II. ARGUMENT

### 1. *Busk* II is Irrelevant Because Ohio – Unlike Arizona and Nevada – Expressly Adopted the FLSA "As Amended," Which Includes the Portal-to-Portal Amendments.

Largely dismissing with little analysis the Sixth Circuit's published decision on Kentucky law in *In re Amazon.com, Inc., Fulfillment Ctr. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, 852 F.3d 601 (6th Cir. 2017) ("*Vance*"), Plaintiffs devote nearly a quarter of their brief to discussing the Sixth Circuit's decision on Arizona and Nevada law in the related *Busk* II case. *Busk* II, however, is inapposite.

First, Plaintiffs ignore the most critical distinction between Arizona and Nevada's overtime statutes and the Ohio statute: the Ohio legislature *expressly incorporated* Section 7 of the FLSA, "as amended." Neither Arizona nor Nevada did the same – a fact that was important to the Sixth Circuit's analysis of those states' laws. The Sixth Circuit concluded in *Busk* II that "Nevada law has no provision parallel to a particular FLSA provision" and "has chosen not to affirmatively adopt the [federal] law anywhere in the Nevada state code," and that Arizona did not "adopt[] the FLSA's interpretation in its entirety." *Busk* II, 905 F.3d at 404, 405. In other words, the Sixth Circuit predicated its holding in *Busk* II on Arizona and Nevada's legislative silence as to their incorporation of federal law. Ohio's overtime statute, on the other hand, expressly **directs** courts to apply Ohio's overtime rules "in the same manner and methods provided in" Section 7 of the

3

FLSA, "as amended." This is why uniform case law holds that "the FLSA and the OMFWSA have ***the same overtime requirements***, [and thus] the outcomes will be the same[.]" *Craig v. Bridge Bros. Trucking, LLC*, 823 F.3d 382, 385 & n. 1 (6th Cir. 2016) (emphasis added).

Second, the Sixth Circuit in *Busk* II questioned whether Arizona and Nevada's regulations indicated an affirmative *departure* from the Portal-to-Portal Act. Specifically, the Sixth Circuit read certain Arizona regulations as "strongly suggest[ing] that Arizona law is more inclusive than the Portal-to-Portal Act in the types of work it compensates." 905 F.3d at 405. The Sixth Circuit also reasoned that Nevada had a regulation on travel time which "there would be no need … to issue" if Nevada had adopted the Portal-to-Portal Act. *Id.* at 403. Ohio, in stark contrast, has promulgated *no overtime regulations* – relying instead on its incorporation of the FLSA's overtime provisions, as amended. Nor does Ohio law contains *any departures* from the FLSA in determining what time is compensable. It is clear that Ohio enacted the OMFWSA in 1974 with the express intention of adopting Section 7 of the FLSA, as it was amended by the Portal-to-Portal Act. Plaintiffs have not pointed to a single Ohio statute, regulation, or case indicating that Ohio departs from federal law on compensable work time.

Third, Plaintiffs' attempt to liken Ohio's statute to Arizona and Nevada's misses the mark. Plaintiffs argue that the "plain meaning" of ORC 4111.03 suggests that Ohio did not adopt the Portal-to-Portal Act, because the statute incorporates "only" Sections 7 and 13 of the FLSA, without "mentioning" the Portal-to-Portal Act. Dkt. 19 at 6-7. Likewise, Plaintiffs assert that "[n]either Section 7 nor Section 13 …were amended in 1947 when Congress passed the Portal-to-Portal Act." *Id.* at 6. Neither contention holds water.

4

For starters, the Portal-to-Portal Act, while codified in a separate section of the FLSA, amended Section 7.[1] Specifically, Section 7 of the FLSA requires employers to compensate employees at a rate not less than one and one-half times their regular rate for any hours worked in excess of 40 during any workweek. 29 U.S.C. § 207. The Portal-to-Portal Act clarified and amended Section 7 by expressly and specifically clarifying the proper "application of the [FLSA's] overtime compensation provision[]" – *i.e.*, Section 7 – making clear that Congress did not intend to include preliminary and postliminary activities in time that is compensable under Section 7. 29 U.S.C. § 254(d). Indeed, that is why Congress, in enacting the Portal-to-Portal Act, retroactively abridged any existing case predicated upon contrary judicial interpretations of Section 7. 29 U.S.C. § 252(a). Thus, by directing courts to apply ORC 4111.03 "in the same manner and methods provided in" Sections 7 and 13 of the FLSA, "as amended," Ohio has adopted the FLSA's *entire* overtime scheme. If anything, a "plain reading" of the Ohio statute shows that Ohio follows the Portal-to-Portal Act.

In arguing as they do, Plaintiffs overlook the Portal-to-Portal Act's legislative history. Congress enacted the Portal-to-Portal Act in 1947 with the express legislative aim of abrogating the Supreme Court's expansive reading of Section 7 of the FLSA. *See* Dkt. 17 at 14-16. *See also Busk*, 574 U.S. at 29-31 (detailing the Portal-to-Portal Act's legislative history). Indeed, the Supreme Court decisions which congress intended the Portal-to-Portal Act to abrogate were cases *interpreting Section 7* of the FLSA. *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Tennessee Coal, Iron & Railroad Co. v. Muscoda Local No. 123*, 321 U.S. 590 (1944).

---

[1] A review of the FLSA shows that Ohio had no reason to incorporate sections of the FLSA other than Sections 7 and 13 into its overtime statute. *See, e.g.*, 29 U.S.C. § 201 (Short Title); § 202 (Congressional Findings and Declaration of Policy); § 203 (Definitions); § 204 (administration by the Department of Labor); § 205 (repealed); § 206 (Minimum Wage); § 208 (repealed); §§ 209-211 (various enforcement provisions specific to the Department of Labor); § 212 (regulation of child labor). The various other sections of the FLSA are equally inapposite here.

Plaintiffs do not even mention, much less address, the Portal-to-Portal Act's legislative history in their Opposition Brief.

Nor do Plaintiffs cite a single case supporting their position that the Portal-to-Portal Act was not an "amendment" to the FLSA. This is because they cannot do so, as the United States Supreme Court has already explained that the Portal-to-Portal Act *was* an amendment. *See, e.g., Busk*, 574 U.S. at 29 (describing Portal-to-Portal Act as an "amendment" to the FLSA); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 26 (2005) (same). The Sixth Circuit has followed suit, explaining that the Portal-to-Portal Act was "***enacted as an amendment to the FLSA***" in order to "narrow the coverage of the FLSA by excluding certain preliminary and postliminary activities from the FLSA's compensation requirements." *Vance*, 852 F.3d at 607. Plaintiffs' argument begs the question: If the Portal-to-Portal Act was not, at least in relevant part, amending FLSA Section 7, what was it amending? Plaintiffs' opposition does not – indeed, cannot – answer this question.

In short, Plaintiffs' attempt to conflate Ohio's statute with Arizona and Nevada's falls apart. Ohio, unlike Arizona and Nevada, expressly "incorporated" Section 7 of the FLSA, "as amended" by the Portal-to-Portal Act. The *Busk* II analysis, therefore, only underscores that Plaintiffs' Ohio claim fails as a matter of law.

### 2. Plaintiffs Misstate the Sixth Circuit's Holding in *Vance*, Which Requires Dismissal Here.

In *Vance*, the Sixth Circuit held that Kentucky's wage and hour statute *does* incorporate the Portal-to-Portal Act, even though the Kentucky statute (unlike ORC 4111.03) is silent on the issue. Plaintiffs' efforts to distinguish *Vance* are misdirected and wrong. Plaintiffs argue that *Vance* "reached a different outcome because Kentucky applies different rules of statutory construction than Ohio, Nevada, and Arizona." Dkt. 19 at 11. Plaintiffs further argue that "Kentucky, unlike Ohio, does not follow the rule that the statute 'must' be applied as written, but

6

rather applies a different rule that federal provisions are read into state law 'absent a clear indication that the [Kentucky] General Assembly considered the revision and deliberately rejected it.'" *Id.* (citations omitted).  Plaintiffs are wrong on both the law and facts.

First, Plaintiffs are wrong because Kentucky clearly *does* apply the rule of construction that "if a statute is clear and unambiguous, the statute must be applied as written." *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775, 784 (Ky. 2008).  *See also Com. v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002) ("This court has repeatedly held that statutes must be given a literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required").  Accordingly, the *Vance* court only engaged in statutory interpretation because the Kentucky statute was silent as to whether it had adopted the Portal-to-Portal Act.  Here, there is no such ambiguity, as ORC 4111.03(A) directs courts to apply Ohio's overtime laws using the same "manner and methods" as the FLSA, "as amended."  That should end the debate.

Next, assuming the Ohio statute were ambiguous – which it is not – Plaintiffs argue that the Sixth Circuit's reasoning in *Vance* "turned on Kentucky administrative regulations concerning 'principal activities,'" and note that Ohio does not have a comparable regulation.  Dkt. 19 at 11. Plaintiffs grossly oversimplify the Sixth Circuit's analysis, which did not boil down to a binary presence or absence of Portal-to-Portal-like regulations.  Rather, in an attempt to "ascertain and give effect to the intent of the legislature," the Sixth Circuit applied several tools of statutory interpretation.  *Vance*, 852 F.3d at 610.  First, the Sixth Circuit observed the Kentucky statute contained "nearly identical requirements" and "comparable language" to the FLSA.  *Id.*  The Sixth Circuit then cited Kentucky's rule of statutory construction that laws which are "similar to a Federal Act … will normally be interpreted consistent with federal law." *Id.*  The Sixth Circuit also noted that Kentucky – as did Ohio here – enacted its statute in 1974, "decades after congress

7

enacted the 1947 Portal-to-Portal Act." *Id.* at 612.  Finally, the court noted that Kentucky had regulations which were "substantially similar" to their "federal equivalents." *Id.* at 614-15.  The sum of these parts led the Sixth Circuit to conclude the Kentucky Supreme Court would "agree that the KWHA incorporates the Portal-to-Portal Act[.]" *Id.* at 615.

Here, the connection between Ohio law and federal law is even stronger.  Like Kentucky, Ohio enacted its overtime statute in 1974, decades after the Portal-to-Portal Act's passage.  *Cf. United States v. Wise*, 370 U.S. 405, 411 (1962) ("[S]tatutes are construed by the courts with reference to the circumstances existing at the time of passage").  Moreover, beyond being merely "comparable" to the FLSA, the Ohio statute ***adopts*** Section 7 of the FLSA altogether.  *See, e.g., Bey v. WalkerHealthCareIt, LLC*, 2018 WL 2018104, at *7 (S.D. Ohio, May 21, 2018) ("Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA").  Moreover, the Ohio legislature adopted the FLSA "as amended," which indicates a state legislative intention to remain in lockstep with the federal counterpart.  Further, as Amazon noted in its opening brief and Plaintiffs have failed to rebut, Ohio adheres to the same rules of construction upon which the Sixth Circuit relied in *Vance*, as Ohio courts look to federal laws as a guide in interpreting similar state laws.  *See* Dkt. 17 at 20 & fn. 2 (collecting cases).

If anything, this case presents an even more compelling case for dismissal than in *Vance*.  The *Vance* panel unanimously concluded that Kentucky followed the FLSA even when the underlying state statute was silent.  Here, the Ohio legislature has expressly adopted the FLSA's overtime scheme.  At bottom, Plaintiffs' argument is that the Ohio legislature expressly adopted Section 7 of the FLSA, but then silently departed from the FLSA when defining the most important concept in Section 7 and the rest of statute – the definition of compensable working time – all without leaving any trace of such intention.  Plaintiffs point to no legislative history or other

8

"relevant data" to support this position. Nor have Plaintiffs cited any authority or rules of construction suggesting that this case is more like *Busk* II than *Vance*. Plaintiffs' position is simply not viable, and the Court should dismiss their claim.

### 3. Plaintiffs' Purported "Distinctions" Between the FLSA and Ohio Law Are Irrelevant To Whether Ohio Has Adopted the Portal-to-Portal Act.

As explained in Amazon's opening brief, unanimous case law holds that Ohio law "incorporates the FLSA's definitions, standards, and principles for its overtime compensation provisions." Dkt. 17 at 17 (collecting cases). Plaintiffs have not cited a single case contradicting this unbroken line of authority. Rather, Plaintiffs point to a number of purported "distinctions" between the OMFWSA and the FLSA, none of which is of consequence here.

Plaintiffs note, for example, that the FLSA establishes an "opt-in" process under 29 U.S.C. § 216(b) for collective actions, while plaintiffs bring OMFWSA class claims under Fed. R. Civ. P. 23 or under the state law class action equivalent. Dkt. 19 at 7-8. But this distinction is irrelevant to whether compensable working time is the same under the FLSA and OMFWSA. Section 216(b) describes the process for litigating federal claims under the FLSA, and it is a stand-alone provision that was *not* written to abrogate prior Supreme Court cases that interpreted Section 7 of the FLSA. As the procedure for litigating an FLSA claim is not embodied in Section 7 of the FLSA, it is not incorporated into the OMFWSA. By contrast, the Portal-to-Portal Act's clarifying and substantive amendments regarding what is compensable within the meaning of Section 7 of the FLSA are precisely among the amendments to Section 7 that are incorporated into the OMFWSA.

Equally unavailing is Plaintiffs' argument that the Ohio statute references "only" Section 7 and Section 13 of the FLSA, and that the "Portal-to-Portal Act itself is not mentioned by name anywhere in Ohio's overtime law." Dkt. 19 at 6, 8. Plaintiffs' argument – that by not placing express language from the Portal-to-Portal Act into the Ohio statute, the Ohio legislature silently

9

intended to follow *pre*-Portal-to-Portal Act constructions of "compensable work" – is irredeemably flawed. First, as explained above, *supra* at 5 & fn. 1, Sections 7 and 13 of the FLSA are the ***only*** sections concerning overtime, and incorporating those sections amounts to adopting the FLSA's entire overtime scheme. Second, there was no need for the Ohio legislature to "mention" the Portal-to-Portal Act. As relevant here, the Portal-to-Portal Act's clarification of the FLSA served to abrogate federal case law misconstruing the FLSA. *See* 29 U.S.C. § 251. Congress thereby clarified the original intent of the FLSA: for compensable time to include only those activities integral and indispensable to the principal activities an employee is employed to perform. Thus, when Ohio adopted an overtime law that incorporated the FLSA – decades after the clarifying amendments in the Portal-to-Portal Act – there was no need for it to expressly adopt those provisions. The Ohio legislature did not need to abrogate that which the United States Congress already had abrogated.

Similarly, Plaintiffs make the unremarkable observation that Ohio did not adopt the limitations period and liquidated damages provisions contained in the Portal-to-Portal Act. *See* 29 U.S.C. § 255(a). This again is irrelevant. First, in contrast to provisions of the Portal-to-Portal Act excluding from compensable time preliminary and postliminary activities, the Portal-to-Portal Act's limitations period (codified at 29 U.S.C. § 255) did not clarify or otherwise amend Section 7 or 13 of the FLSA, or any other section. Ohio's decision not to adopt the limitations period in 29 U.S.C. § 255 does not detract from, and is not relevant to, its unequivocal adoption of Section 7 of the FLSA, as amended and clarified by the Portal-to-Portal Act. That is why courts have observed that "the FLSA and Ohio law use ***the same standards to determine liability***, [but] the laws provide different measures of damages." *Heard*, 2017 WL 2426683, at *4 (emphasis added); *see also Bey*, 2018 WL 2018104, at *7 (noting the same). Indeed, Plaintiffs' argument is self-

10

defeating – the Ohio Legislature's decision to enact different remedies provisions than the FLSA shows that it clearly knew how to depart from the FLSA if and when it intended to do so. *Cf. Vance*, 852 F. 3d at 612 ("If the Kentucky General Assembly intended to expose employers to the type of liability Congress foreclosed in the Portal-to-Portal Act, one may reasonably assume it would have done so affirmatively – especially given its willingness to affirmatively depart from the FLSA in other instances").

In short, none of Plaintiffs' purported "distinctions" overcomes the unambiguous language of ORC 4111.03(A): that Ohio has adopted Section 7 and Section 13 of the FLSA, "as amended" by the Portal-to-Portal Act. Accordingly, Plaintiffs' claim must be dismissed.

### 4. Plaintiffs Fail to Meaningfully Distinguish Any of Amazon's Cited Authority.

In Amazon's opening brief, it cited numerous cases unanimously holding that Ohio law has expressly incorporated the FLSA's "standards, definitions, and principles" relating to overtime. *See* Dkt. 17 at 17. In their Opposition, Plaintiffs attempt to distinguish Amazon's cited authority with red herrings and non-sequiturs.

For instance, Amazon relied on an unbroken line of cases showing that courts analyze Ohio state law and FLSA overtime claims concurrently, reasoning that the outcome under either law is invariably the same. Dkt. 17 at 17 (collecting cases). Plaintiffs do not discuss or distinguish any of these cases, but instead write them off in one stroke as "simply irrelevant" because they do not specifically "raise Portal-to-Portal issues." Dkt. 19 at 10. Plaintiffs draw the analogy to cases the Sixth Circuit found unpersuasive in *Busk* II because they merely spoke to portions of Nevada law that paralleled the FLSA. Plaintiffs predicate their argument upon a false equivalence. Amazon's unrebutted authority shows that "Ohio's statutory scheme expressly incorporates the FLSA, and courts interpret them in a unitary fashion." *Jelus v. All Creatures Animal Hosp., Inc.*, 2016 WL

3074406, at *1 & n. 1 (S.D. Ohio May 27, 2016).  Nevada and Arizona's statutes, on the other hand, did not expressly incorporate the FLSA, and had there been case law holding otherwise (like there is in Ohio), it certainly would have been "relevant."  Notably, Plaintiffs fail to cite a single case where *any* court has analyzed Ohio overtime claims and held the outcome would be different under state or federal law.

Likewise, Amazon cited several cases where federal courts sitting in Ohio applied the Portal-to-Portal analysis to Ohio and federal overtime claims concurrently, demonstrating that federal courts have applied the Portal-to-Portal Act to Ohio state law claims as a matter of course.  Dkt. 17 at 17-18.  In *Twaddle v. RKE Trucking Co.*, for instance, the court considered both state and federal overtime claims relating to uncompensated pre-shift work.  2006 WL 840388, at *5 (S.D. Ohio Mar. 19, 2006).  After noting Ohio had "incorporated" the FLSA, the court explained "Plaintiffs' claim under 4111 is indistinguishable from the FLSA claim. . . .  Thus the Court's rulings with respect to the FLSA claim apply also to Plaintiffs' claims under § 4111."  *Id.* at *13.  Plaintiffs confoundingly argue that the court in *Twaddle* found the "Portal-to-Portal Act did not apply" to the plaintiffs' FLSA claims.  Dkt. 19 at 10.  This is simply wrong.  The *Twaddle* court conducted a lengthy Portal-to-Portal analysis, exploring whether each alleged uncompensated task was integral and indispensable to the plaintiffs' principal activities, and then observed that this analysis applied equally to the Ohio claims.  *Twaddle*, 2006 WL 840388, at *13 (quoting ORC 4111.03(A) and explaining that the court's rulings as to the FLSA applied equally to Ohio state law overtime claims).[2]

---

[2] What Plaintiffs apparently *intend* to say is that the *Twaddle* court ultimately found, after conducting this Portal-to-Portal analysis, that the pre-shift tasks at issue were compensable.  This is irrelevant.  The ultimate question of post-shift screening time compensability has already been answered by the United States Supreme Court: it is *not* compensable under the FLSA, and, by extension, Ohio law.  *See Busk*, 574 U.S. at 36-37.  *Twaddle* is relevant because it shows Portal-to-Portal analysis applies equally under both federal and Ohio law.

12

Likewise, the court in *Lacy v. Reddy Elec. Co.*, 2013 WL 3580309 (S.D. Ohio July 11, 2013), also applied the Portal-to-Portal analysis to Ohio and federal claims concurrently. Plaintiffs do not even attempt to distinguish *Lacy*, instead asserting that it is "devoid of analysis." Dkt. 19 at 11. To the contrary, the *Lacy* court reviewed the statutory language of the FLSA and ORC 4111.03, and pointed to the Sixth Circuit's holding in *Thomas* that "the Ohio statute expressly incorporates the standards and principles found in the FLSA." *Lacy*, 2013 WL 3580309, at *5, citing *Thomas*, 506 F.3d at 501. In light of that precedent, the court concluded that "the federal and state [overtime] claims are governed by the same standards, and may be analyzed together." *Id.* at *5. Plaintiffs cannot brush aside this on-point authority that undermines their claim. The fact of the matter is the conclusion that Ohio law incorporates the Portal-to-Portal Act's provisions regarding non-compensable time is so obvious that it has never warranted much discussion.

Further, Amazon cited a third case where a court applied the Portal-to-Portal Act to state and federal claims concurrently which Plaintiffs do not mention or attempt to distinguish. *See Wilson v. PrimeSource Health Care of Ohio, Inc.*, 2017 WL 2869341, at *5 (N.D. Ohio July 5, 2017). In light of *Twaddle*, *Reddy*, and *Wilson*, there is no doubt federal courts have applied the Portal-to-Portal Act to Ohio state law claims. This Court should not hesitate to do the same.

**5.      Amazon's Motion is Procedurally Proper.**

In its opening brief, Amazon demonstrated that any time Plaintiffs spent passing through security screening during meal breaks is not compensable because Amazon does not require any employee to do so. Specifically, Amazon averred in its Answer that Plaintiffs could take their breaks in any of three *inside security* break rooms. *See* Dkt. 17 at 23; Dkt. 14 (Answer) ¶20. Plaintiffs do not and cannot dispute this point, and the law is clear that Plaintiffs cannot convert their meal breaks into compensable time by voluntarily choosing to shorten those breaks by

13

passing through security to take their breaks away from those inside security break rooms. *See, e.g., Ruffin v. MotorCity Casino*, 775 F.3d 807, 814 (6th Cir. 2015) (requiring employees to take their meal on site did not render break time compensable where plaintiff was relieved of all duties).

Rather than take on Amazon's cited authority, Plaintiffs point to a conclusory allegation in their Complaint that Amazon "required" them to pass through security. They then argue that Amazon is asking the court to draw an inference in Amazon's favor. Dkt. 19 at 12-13. Plaintiffs further argue that whether they were "required" to pass through security during meals is a "factual dispute," entitling them to discovery. *Id.* at 13. Plaintiffs are incorrect. It is black-letter law that "[i]n ruling on a Rule 12(c) motion, the court considers all available pleadings, including the complaint and the answer[.]" *Rinear v. Capital Mgmt. Services, L.P.*, 2013 WL 1131069, at *2 (S.D. Ohio Mar. 18, 2013). Here, Amazon averred in its answer that all its employees are free to take their meals in breakrooms within the secured area – without having to pass through screening. Dkt. 17 at 12. No allegations in Plaintiffs' Complaint dispute that these breakrooms exist, or that employees may take their meals inside those breakrooms. Thus, it appears that Plaintiffs are playing semantics. It is true that if they chose to use an external breakroom, Plaintiffs needed to pass through security. But it is undisputed that no Plaintiff – or any co-worker – was ever required to use an external break room because Amazon provided them with every accommodation and facility necessary for meal breaks *without* having to pass through security. It is thus undisputed on the pleadings that Amazon did not require anyone to pass through security in order to take a meal break. Accordingly, the Court is not required to draw any inference in Amazon's favor – merely to consider the undisputed facts in the pleadings, and answer the legal question of whether Amazon must compensate Plaintiffs for time they, of their own volition, *chose* to spend passing through security when they were free not to do so.

14

Further, Plaintiffs' "desire to rely on documents to be produced in discovery is … irrelevant to a motion under either Rule 12(b)(6) or Rule 12(c)." *Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, 2013 WL 239341, at *1 (W.D. Mich. Jan. 22, 2013) (further observing that the non-moving parties "have not cited any case in which the courts have allowed a party responding to a proper Rule 12(b)(6) or 12(c) motion to rely on unpleaded facts disclosed in discovery documents"). This rule makes perfect sense: A plaintiff should not be able to hide behind a complaint that omits a critical and indisputable fact that effectively refutes a necessary element of the plaintiff's claim only to argue that she is entitled to discovery when the defendant supplies in its answer the dispositive undisputed fact. If Plaintiffs can aver facts that dispute the allegations in the Answer, then Plaintiffs should move to amend their complaint to add those facts. Otherwise, the court must enter judgment on the pleadings.

### 6. Plaintiffs' Claims Fail for Failure to Plead Exertion.

In Amazon's opening brief, it explained that time spent walking through security screening is not "work" under Ohio law (or the FLSA) because it requires no exertion. *See* Dkt. 17 at 24-27. Plaintiffs have not meaningfully addressed Amazon's arguments on this point and, therefore, Amazon relies on its opening brief.

### III. CONCLUSION

For the foregoing reasons, as well as those contained in Amazon's opening brief (Dkt. 17), Amazon respectfully requests that the Court enter judgment against Plaintiffs on all claims asserted in their Complaint.

DATED: December 23, 2019          Respectfully submitted,

By: *s/ Gabriel Shechter*
Sari M. Alamuddin (admitted *pro hac vice*)
sari.alamuddin@morganlewis.com
Joseph A. Nuccio (admitted *pro hac vice*)
joseph.nuccio@morganlewis.com
Kevin F. Gaffney (admitted *pro hac vice*)
kevin.gaffney@morganlewis.com
Gabriel Shechter (admitted *pro hac vice*)
gabriel.shechter@morganlewis.com
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Tel: (312) 324-1000
Facsimile: (312) 324-1001

Andrew J. Barber (OH ID No. 0091160)
andrew.barber@morganlewis.com
Morgan, Lewis & Bockius LLP
One Oxford Centre, 32nd Fl.
Pittsburgh, PA 15219-6401
Tel: (412) 560-3300
Facsimile: (412) 560-7001

*Attorneys for Defendants, Amazon.Com Services, Inc. and Amazon.com, Inc.*

## **CERTIFICATE OF COMPLIANCE**

This case has not yet been assigned to a track. This memorandum complies with the applicable page limitations under LR 7.1(f) because it does not exceed 20 pages, the page limitation for memoranda relating to dispositive motions in unassigned and standard track cases.

*/s/ Gabriel Shechter*
Gabriel Shechter

## **CERTIFICATE OF SERVICE**

I, Gabriel Shechter, an attorney, hereby certify that on December 23, 2019, I electronically filed a copy of Defendants' Reply Memorandum in Support of Their Motion for Judgment on the Pleadings through the Court's CM/ECF filing system, which will transmit notice of such filing to all counsel of record.

                                                   */s/  Gabriel Shechter*
                                                       Gabriel Shechter