IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAVON THOMAS & COLLEEN E. MCLAUGHLIN, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:19-cv-01696-PAB |
| v. | ) ) | |
| AMAZON.COM SERVICES, INC. & AMAZON.COM, INC., | ) ) ) | |
| Defendant. | ) | |
| MADELINE GORIE, | ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-01387-PAB |
| v. | ) ) | |
| AMAZON.COM SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

**JOINT MOTION TO AMEND CASE MANAGEMENT ORDER**

Plaintiffs Savon Thomas, Colleen McLaughlin and Madeline Gorie, ("Plaintiffs") and Defendant Amazon.com Services LLC, Amazon.com Services, Inc., and Amazon.com, Inc. ("Amazon") (collectively, the "Parties"), by and through their respective undersigned attorneys, hereby move this Court to amend the *Thomas* Case Management Order to address the *Gorie* case, bifurcate discovery between the *Thomas* and *Gorie* cases, provide for conditional certification briefing for *Gorie* and specifics on the timing of notice to any conditionally certified class as described below. In support of their motion, the Parties state as follows:

1. On May 21, 2020, this Court issued a ruling on Defendant's Motion for Judgment on the Pleadings in the *Thomas* case, dismissing Plaintiffs' claims for overtime to the extent they were based on unpaid time spent undergoing post-shift security screenings, but preserving the

claims based on mandatory security screenings prior to meal breaks. *Thomas v. Amazon.com Servs., Inc.*, 2020 WL 2572319, at *9 (N.D. Ohio May 21, 2020) (*Thomas* Dkt. No. 27)

2. On June 24, 2020, this Court issued a Case Management Order in the *Thomas* case providing deadlines for, *inter alia*, pre-certification discovery and briefing on class certification. Dkt. No. 31. No case management or scheduling order has yet been issued in the *Gorie* case.

3. The allegations in the *Gorie* action involve the same factual issues as those remaining in the *Thomas* action. Indeed, as a result of this overlap, this Court deemed the cases related, approved transfer of the *Gorie* case to Judge Barker (*Gorie* Dkt. No. 26) and on August 31, 2020 consolidated the *Gorie* case with the *Thomas* case.

4. Both the *Gorie* and *Thomas* actions are now based on allegations that Amazon required its employees to submit to a mandatory security screenings while walking from the work floor to breakrooms during unpaid meal periods and that they were not properly paid for the time it took to go through those screenings. *See* Gorie Compl. ¶¶ 23-2, 284; Thomas Compl. ¶ 30, 32; *Thomas.*, 2020 WL 2572319, at *9 (limiting claims to those arising from pre-lunch security screening). Both bring actions for unpaid overtime on behalf of all of Amazon's hourly Ohio Warehouse Workers who went through such screenings, Gorie under the Fair Labor Standards Act and Thomas under the Ohio Minimum Fair Wage Standards Act. *Compare* Gorie Compl. ¶¶ 37, 43, 46 *with* Thomas Compl. ¶¶ 14, 32, 40.

5. Because the remaining Thomas claims are limited in scope and their resolution would substantially impact the claims of Gorie and the putative collective, the parties agree that discovery in the consolidated actions should be bifurcated so that discovery specific to the claims of Gorie and the putative collective would begin only after discovery on the claims of Thomas and McLaughlin is completed and motions for summary judgment on their claims are resolved.

6. Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good

cause and with the judge's consent." However, district courts "have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014); *see also Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006) ("district courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control") (citations omitted). In addition, the "decision whether to bifurcate discovery lies within the sound discretion of the trial court." *Nook Indus., Inc. v. Barnes & Noble, Inc.*, 2011 WL 486157, at *1 (N.D. Ohio Feb. 7, 2011) (holding that bifurcation of discovery between liability and damages would promote judicial efficiency because, *inter alia*, if dispositive motions resolved the claims, damages discovery would be unnecessary).

7. Here, there is good cause to modify the *Thomas* scheduling order to address the newly consolidated *Gorie* action and provide for this bifurcation of discovery between the two actions. Because the factual issues are the same in both cases, delaying discovery in the *Gorie* matter until after summary judgment is resolved on *Thomas* will promote judicial efficiency and potentially reduce or eliminate the need for additional discovery, including class discovery.

8. The parties further propose that the *Thomas* case management order be revised to state that Gorie may move for conditional certification whenever she chooses, provided that in the event the court grants notice, the parties agree to defer the issuance of notice until after a final determination on the merits of the *Thomas* named plaintiffs' claims.

9. In return for deferral of issuance of notice of conditional certification if one is granted, Defendants would agree to enter into a tolling agreement that will cover the claims of any putative class members represented by either of the named plaintiffs' law firms who timely opt-in to the lawsuit upon eventual receipt of the notice.

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court revise the *Thomas* case management plan address *Gorie*, to bifurcate discovery in the *Gorie* and *Thomas*

actions, and add the other provisions on conditional certification requested above.

Dated: September 17, 2020  Respectfully Submitted,

| **LAZZARO LAW FIRM** | **MORGAN, LEWIS & BOCKIUS, LLP** |
|---|---|
| By: *s/ Chastity L. Christy (via email consent)*<br>Lori M. Griffin (0085241)<br>lori@lazzarolawfirm.com<br>Anthony J. Lazzaro (0077962)<br>anthony@lazzarolawfirm.com<br>Chastity L. Christy (0076977)<br>chastity@lazzarolawfirm.com<br>THE LAZZARO LAW FIRM, LLC<br>The Heritage Building, Suite 250<br>34555 Chagrin Blvd.<br>Moreland Hills, OH 44022<br>Tel: (216) 696-5000<br>Fax: (216) 696-7005<br><br>*Attorneys for Plaintiff Gorie* | By: *s/ Andrew J. Barber*<br>Andrew J. Barber (OH ID No. 0091160)<br>andrew.barber@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Oxford Centre, 32nd Fl.<br>301 Grant Street<br>Pittsburgh, PA 15219<br>Tel: (412) 560.7449<br>Fax: (412) 560.7001<br><br>Sari M. Alamuddin (admitted *pro hac vice*)<br>sari.alamuddin@morganlewis.com<br>Kevin F. Gaffney (admitted *pro hac vice*)<br>kevin.gaffney@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, Fifth Floor<br>Chicago, IL 60601<br>Tel: (312) 324-1000<br>Fax: (312) 324-1001<br><br>Richard G. Rosenblatt (admitted *pro hac vice)*<br>richard.rosenblatt@morganlewis.com<br>Joseph A. Nuccio (admitted *pro hac vice*)<br>joseph.nuccio@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>502 Carnegie Center<br>Princeton, NJ 08540<br>Tel: (609) 919-6600<br>Fax: (609) 919-6701<br><br>Stephanie R. Reiss (admitted *pro hac vice*)<br>stephanie.reiss@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Oxford Centre, Thirty-Second Floor<br>Pittsburgh, PA 15219-6401 |
| **NILGES DRAHER LLC**<br><br>By: *s/ Hans A. Nilges (via email consent)*<br>Hans A. Nilges (0076017)<br>hans@ohlaborlaw.com<br>Shannon M. Draher (0074304)<br>sdraher@ohlaborlaw.com<br>7266 Portage Street, N.W., Suite D<br>Massillon, OH 44646<br>Tel: (330) 470-4428<br>Fax: (330) 754-1430<br><br>Christopher J. Lalak (0090079)<br>clalak@ohlaborlaw.com<br>614 W. Superior Avenue, Suite 1148<br>Cleveland, OH 44113<br>Tel: (216) 230-2955<br><br>*Attorneys for Plaintiffs Thomas and McLaughlin* | |

                                                  Tel: (412) 560-3378
                                                  Fax: (412) 560-7001

                                                  *Attorneys for Defendants, Amazon.com*
                                                  *Services, LLC*

## CERTIFICATE OF SERVICE

  I, Andrew J. Barber, an attorney, hereby certify that on September 17, 2020, I electronically filed a copy of the foregoing through the Court's CM/ECF filing system, which will transmit notice of such filing to all counsel of record.

                  */s/ Andrew J. Barber*
                  Andrew J. Barber