# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SAVON THOMAS & COLLEEN E. MCLAUGHLIN, *et al.*, | ) Case No. 1:19-cv-01696 ) |
| Plaintiffs, | ) (Consolidated with Case No. 1:20-cv-01387) ) |
| v. | ) Judge J. Philip Calabrese ) |
| AMAZON.COM SERVICES, INC. & AMAZON.COM, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

The parties filed a document styled "Joint Stipulation of Dismissal as to Plaintiff Colleen McLaughlin Without Prejudice." (ECF No. 37.) Plaintiff Colleen McLaughlin seeks to dismiss her claims against Defendants without prejudice. The stipulation leaves pending Plaintiff Savon Thomas's claims against Defendants. For the reasons that follow, the Court construes the motion as a motion under Rule 21, **GRANTS** that motion, and **DISMISSES** the claims of Plaintiff Colleen McLaughlin against Defendants without prejudice.

## BACKGROUND

On July 25, 2019, Plaintiffs filed this class action lawsuit against Defendants, alleging a single count in violation of Ohio's overtime compensation statute, Section 411.03 of the Ohio Revised Code. (*See generally* ECF No. 1.) On August 31, 2020, the Court consolidated this matter with Case No. 1:20-cv-01387 and directed all future filings to be made in this case. (ECF No. 33.)

## DISCUSSION

As filed, the stipulation for dismissal does not work under Rule 41. Sixth Circuit precedent holds that Rule 41 can only be used to dismiss entire *actions;* accordingly, it cannot be used to dismiss fewer than all parties or all claims. To dismiss fewer than all claims or parties from an action falls to Rule 21. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) (citing *Taylor*, 286 F.2d at 785) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21."). Accordingly, the Court construes Plaintiff's stipulation as a motion under Rule 21.

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." Fed. R. Civ. P. 21. Unless the parties state otherwise, dropping a party under Rule 21 means that party is dropped without prejudice. *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). Similarly, unless stated otherwise, severing a claim under Rule 21 means the claim is severed without prejudice. *See, e.g., Alford v. Mohr*, No. 2:19-cv-1497, 2019 WL 1876776, at *1–2 (S.D. Ohio Apr. 26, 2019) (severing and dropping certain claims and defendants without prejudice), *adopting Report & Recommendation*, 2019 WL 3000964 (S.D. Ohio July 10, 2019).

Typically, the remaining parties should have an opportunity to respond before the Court rules on a motion under Rule 21. At least one court in this Circuit has

observed that one reason to require parties to comply with Rule 21 is because "dropping less than the entirety of an action . . . risks prejudice to the other parties." *United States ex. rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018) (quoting *EQT Gathering, LLC, v. A Tract of Prop. Situated in Knott Cnty.*, No. 12-58-ART, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2012)).

This issue need not detain the Court. All Defendants have answered and have been afforded ample time to participate in these consolidated cases. On the facts presented, the Court concludes there will be no prejudice to any of the parties, so it can and does rule on the motion now.

## CONCLUSION

For the foregoing reasons, the Court construes Plaintiff's stipulation (ECF No. 37) as a motion to drop the claims of Plaintiff Colleen McLaughlin against Defendants under Rule 21. Accordingly, the Court **GRANTS** that motion and **DISMISSES** Plaintiff Colleen McLaughlin's claims against Defendants **WITHOUT PREJUDICE**. All parties to bear their own costs.

SO ORDERED.

Dated: February 24, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio