IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAVON THOMAS & COLLEEN E. MCLAUGHLIN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMAZON.COM SERVICES, INC. & ) <br> AMAZON.COM, INC., ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-01696-PAB |

## JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff Savon Thomas and Defendants Amazon.com Services LLC[1] and Amazon.com, Inc. ("Amazon") (collectively, the "Parties"), by and through their respective undersigned attorneys, file this Joint Motion to Extend Scheduling Order Deadlines, requesting the Court extend the remaining case deadlines by thirty (30) days. Specifically, the Parties request a 30-day extension of the fact discovery deadline solely to complete two Rule 30(b)(6) depositions, and a corresponding 30-day extension of the dispositive motion deadline. In support of their motion, the Parties state as follows:

1. Plaintiffs Savon Thomas and Colleen McLaughlin[2] filed this class action lawsuit on July 25, 2019, alleging Amazon violated the Ohio Minimum Fair Wage Standards Act by failing to pay them and other Ohio workers overtime for time spent passing through security screening. ECF No. 1.

2. On May 21, 2020, the Court issued a ruling on Amazon's Motion for Judgment on

---

[1] On December 31, 2019, Amazon.com Services, Inc. changed its name to Amazon.com Services LLC.
[2] On February 24, 2021, the Court dismissed Plaintiff McLaughlin's claims against Amazon without prejudice. ECF No. 38.

the Pleadings, dismissing Plaintiffs' claims for overtime to the extent they were based on unpaid time spent undergoing post-shift security screenings, but preserving the claims based on mandatory security screenings prior to meal breaks.  ECF No. 27.

3. On June 24, 2020, this Court issued a Case Management Order providing deadlines for, *inter alia*, pre-certification discovery and briefing on class certification.  ECF No. 31.

4. The same day, Plaintiff Madeline Gorie brought an action in the Northern District of Ohio under the Fair Labor Standards Act involving the same factual issues as those remaining in the *Thomas* action. *Gorie v. Amazon.com Servs., LLC*, No. 20-cv-01387-JPC (N.D. Ohio June 24, 2020), ECF No. 1. Indeed, as a result of this overlap, this Court deemed the cases related and consolidated the *Gorie* case with the *Thomas* case on August 31, 2020. (Aug. 31, 2020 Order (no associated docket entry)).

5. On September 17, 2020, the parties in the *Thomas* and *Gorie* matters jointly moved the Court, in relevant part, to bifurcate discovery between the *Thomas* and *Gorie* cases so that discovery specific to the claim of Plaintiff Gorie and the putative collective would begin only after discovery on the claims of the *Thomas* plaintiffs is completed and motions for summary judgment on their claims are resolved. ECF No. 35. The Court granted the parties' motion on October 1, 2020, and set a fact discovery deadline of February 28, 2021 and a dispositive motion deadline of March 31, 2021. ECF No. 36. There are no other deadlines set in this matter. *See id.*

6. Federal Rule of Civil Procedure 16(b) provides, in part, that a scheduling order "shall not be modified except upon a showing of good cause and with the judge's consent." However, district courts "have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets*.*" *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014); *see also Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006) ("district courts ordinarily

enjoy broad discretion in matters of pretrial management, scheduling, and docket control") (citations omitted).

7. Despite the significant disruptions caused by the COVID-19 global pandemic, the Parties have actively engaged in discovery, and have both served and responded to written discovery. Additionally, Amazon has taken the deposition of Plaintiff Thomas and Plaintiff has requested the deposition of a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6).

8. Amazon intends to present two corporate representatives in response to Plaintiff's 30(b)(6) notice. The Parties are diligently working together to schedule the depositions of the corporate representatives. However, due to scheduling conflicts, the Parties are unable to complete the corporate depositions by the February 28, 2021 discovery deadline. *See* ECF No. 36. Based on attorney and witness schedules, the soonest the Parties could schedule one of the two depositions is March 22, 2021.

9. Accordingly, the Parties request the Court extend their February 28, 2021 discovery deadline by 30 days (until March 30, 2021) to complete the two 30(b)(6) depositions.

10. Additionally, to accommodate the above-requested deadline extension, the Parties request that the Court reschedule the dispositive motion deadline, extending the same by 30 days to April 30, 2021.

11. An extension of the fact discovery deadline for the limited purpose of deposing the two corporate representatives and a corresponding extension of the dispositive motion deadline will not affect any other deadlines in this matter, and thus will not delay the litigation or prejudice the Parties. The Court has not set deadlines for a pretrial conference date or trial period.

WHEREFORE, for good cause shown, the Parties jointly move this Court to modify the

deadlines in the Court's current Scheduling Order by 30 days as follows:

| Event | Current Deadline [ECF No. 36] | Proposed Modified Deadline |
|---|---|---|
| Discovery Deadline with respect to the two 30(b)(6) depositions | February 28, 2021 | March 30, 2021 |
| Dispositive Motion Deadline | March 31, 2021 | April 30, 2021 |

Dated: February 26, 2021                                Respectfully Submitted,

**NILGES DRAHER LLC**                                   **MORGAN, LEWIS & BOCKIUS, LLP**

By: *s/ Christopher J. Lalak (with consent)*            By: *s/ Andrew J. Barber*
    Christopher J. Lalak (0090079)                        Andrew J. Barber (0091160)
    clalak@ohlaborlaw.com                                  andrew.barber@morganlewis.com
    614 W. Superior Avenue, Suite 1148                     MORGAN, LEWIS & BOCKIUS LLP
    Cleveland, OH 44113                                    One Oxford Centre, 32nd Fl.
    Tel: (216) 230-2955                                    301 Grant Street
                                                           Pittsburgh, PA 15219
    Hans A. Nilges (0076017)                               Tel: (412) 560.7449
    hans@ohlaborlaw.com                                    Fax: (412) 560.7001
    Shannon M. Draher (0074304)
    sdraher@ohlaborlaw.com                                 Sari M. Alamuddin (admitted *pro hac vice*)
    7266 Portage Street, N.W., Suite D                     sari.alamuddin@morganlewis.com
    Massillon, OH 44646                                    Kevin F. Gaffney (admitted *pro hac vice*)
    Tel: (330) 470-4428                                    kevin.gaffney@morganlewis.com
    Fax: (330) 754-1430                                    MORGAN, LEWIS & BOCKIUS LLP
                                                           77 West Wacker Drive, Fifth Floor
    *Attorneys for Plaintiff*                              Chicago, IL 60601
                                                           Tel: (312) 324-1000
                                                           Fax: (312) 324-1001

Richard G. Rosenblatt (admitted *pro hac vice)*
richard.rosenblatt@morganlewis.com
Joseph A. Nuccio (admitted *pro hac vice*)
joseph.nuccio@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
Tel: (609) 919-6600
Fax: (609) 919-6701

Stephanie R. Reiss (admitted *pro hac vice*)
stephanie.reiss@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-3378
Fax: (412) 560-7001

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I, Andrew J. Barber, an attorney, hereby certify that on February 26, 2021, I electronically filed a copy of the foregoing through the Court's CM/ECF filing system, which will transmit notice of such filing to all counsel of record.

                                                 */s/ Andrew J. Barber*
                                                 Andrew J. Barber