UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAVON THOMAS & COLLEEN E. MCLAUGHLIN, *et al.*, | ) ) ) | Case No. 1:19-cv-01696 |
| | ) ) | (Consolidated with Case No. 1:20-cv-01387) |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge J. Philip Calabrese |
| AMAZON.COM SERVICES, INC. & AMAZON.COM, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

# **ORDER**

Although no party raises the issue, the Court has an independent obligation to examine its own jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

The single count in the complaint alleges violation of Section 4111.03 of the Ohio Revised Code, the State's overtime compensation statute. (ECF No. 1, PageID #7.) Plaintiffs invoke the Court's jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest and costs. (ECF No. 1, ¶ 4, PageID #1.) Although Plaintiffs seek to maintain this lawsuit on their behalf as well as on behalf a class of those similarly

situated, they do not invoke the Court's jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). (ECF No. 1, ¶ 4, PageID #1.)

Under the law of this Circuit, plaintiffs in a class action may not aggregate the value of their respective claims to meet the amount-in-controversy requirement under Section 1332(a) to establish federal jurisdiction. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 823–24 (6th Cir. 2006). In other words, for the Court to have jurisdiction, each plaintiff must demonstrate that his or her claims meet the minimum amount-in-controversy requirement. Aggregation is only permitted where the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). Such is not the case here because each prospective plaintiff has separate claims to the amounts Defendants allegedly owe to them for overtime hours worked.

In addition, the record reflects that Plaintiff Thomas worked for Defendant Amazon.com Services, Inc. from October 2018 through May 8, 2019 at a rate of $15.00 per hour. (ECF No. 41-1, PageID #407; ECF No. 40-3, PageID #349.) Given these allegations, the Court has doubts that Mr. Thomas meets the amount-in-controversy requirement for federal jurisdiction in this matter.

Therefore, the Court orders each party to file a brief—not to exceed seven pages—no later than July 9, 2021 to address whether the Court has jurisdiction.

**SO ORDERED.**

Dated: June 24, 2021

                                                J. Philip Calabrese
                                                United States District Judge
                                                Northern District of Ohio